IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:12-CR-323-WSD |
| EDWARD KIM | : | |

SENTENCING MEMORANDUM

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Joseph Plummer, Assistant United States Attorney for the Northern District of Georgia, and files this SENTENCING MEMORANDUM as follows:

Background

On September 25, 2012, a federal grand jury returned an indictment which charged defendant Edward Kim with two Hobbs Act robberies (Counts One and Five), a carjacking (Count Three), three counts of using a firearm during the commission of a violent crime (Counts Two, Four and Six) and possession of a firearm by an unlawful user of a controlled substance (Count Seven).  (Doc 1).

On December 11, 2012, defendant Kim pled guilty to carjacking, two Hobbs Act robberies and using a firearm during the commission of the last robbery (Count Six).  (Doc 15-1-1).

Sentencing Recommendation

The government recommends a  sentence of 294 months – the low end of the total guideline range of 294 to 346 months (210 to 262 months, plus 84 months) if a two-level vulnerable victim

enhancement is applied.  Alternatively, in the event that the Court does not apply a vulnerable victim enhancement, the government recommends a sentence of 252 months – the low end of the total guideline range of 252 to 294 months (168 to 210 months, plus 84 months).

The government makes this recommendation because of the serious nature of the offenses of conviction, defendant Kim's repeated use of a firearm to commit robberies, the need to promote respect for the law and the need to protect the public from Kim in light of the fact that prior lenient treatment and prior periods of incarceration and probation have failed to accomplish these goals. A low end recommendation is made because defendant accepted responsibility early without requiring victims to testify either in suppression hearings or at trial, and because defendant agreed to assist law enforcement in locating a stolen firearm he exchanged for heroin and he agreed to assist in identifying the individual to whom he sold the firearm.

### A.    Serious Nature Of The Offense And Vulnerability Of A 16-Year-Old Victim.

The nature of Kim's offenses are serious because he unlawfully acquired two firearms while he was on probation and had an outstanding warrant for a probation violation.  (PSR ¶¶ 24, 66, 67).  He exchanged one firearm for heroin and he used the other firearm to commit the carjacking and two armed robberies.  (PSR ¶

2

24).   This case is particularly egregious because during the commission of the carjacking defendant threatened to kill a juvenile victim, abducted her, struck her in the head with a firearm, and demanded that she go to a bank ATM in order to get money.   (PSR ¶ 15).   The victim told defendant that she was only 16-years-old and did not have a bank card.   (PSR ¶ 15).   Later, the defendant   took the victim's cell telephone before forcibly throwing her out of the car.   (PSR ¶ 15).   Subsequently, the juvenile victim experienced extreme emotional distress for which she has received counseling and she still suffers from nightmares and panic attacks.   (PSR ¶ 25 and the Victim Impact Statement).

Accordingly, the Court should apply the vulnerable victim enhancement contained in U.S.S.G. § 3A1.1 because defendant "knew or should have known that [the] victim of the [carjacking] offense was a vulnerable victim."   *See United States v. Rochoa*, 916 F.2d 219, 244-45 (5th Cir. 1990)(upholding the vulnerable victim enhancement for a 17-year-old kidnaping victim because the district court's decision was not based solely on the victim's age but also the observation at trial that the victim was still terrified).   *See also United States v. Gonzalez*, 183 F.3d 1315, 1326-27 (11th Cir. 1999) *superseded by regulation on other grounds as stated in United States v. Diaz*, 248 F.3d 1065, 1107 & n. 59 (11th Cir.2001)(concluding that a confidential informant's 72-year-old aunt and 11-year-old son were vulnerable to armed drug conspirators

who invaded a home looking for information, drugs, or money because of their relationship to the informant and because the defendant pointed a gun at the son's head and threatened his life as well as the aunt's in order to obtain information, drugs and money from the informant).

Defendant and the United States Probation Office's reliance upon *United States v. Davis*, 967 F.2d 516, 523-24 (11th Cir. 1992) for the proposition that the government must establish that the defendant specifically targeted the victim is misplaced. (PSR ¶ 42 at p. 12). The Eleventh Circuit in *United States v. Kennedy*, 441 F. App'x 647, 648 (11th Cir. 2011) explained that targeting was no longer a requirement "[s]ince the 1995 amendments to the Guidelines, there is no longer a requirement that the defendant target the victim because of his vulnerability." *Id. (citing United States v. Gonzalez*, 183 F.3d 1315, 1326 (11th Cir.1999), *superseded by regulation on other grounds as stated in United States v. Diaz*, 248 F.3d 1065, 1107 & n. 59 (11th Cir.2001).[1]

---

[1]The Court explained the change in the law as follows:

> Our § 3A1.1 cases require that a defendant "target" his victim. The Sentencing Commission, however, has recently amended the commentary to § 3A1.1 to clarify that the enhancement can apply even if a defendant did not 'target' his victim. The amended note states: "Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." Gonzalez 183 F.3d at 1326. (citing U.S.S.G. § 3A1.1, comment. (n.2) (1998); and Rodriguez, 65 F.3d at 933 n. 1 (commentary binding on court)).

4

Therefore, contrary to defendant's argument otherwise, it does not make a difference whether defendant specifically targeted a juvenile, especially since as discussed below, defendant learned during the carjacking that the victim was a juvenile.

Nor does the government rely solely upon the victim's age because the Eleventh Circuit has determined that age alone is not sufficient:

> Buitrago and Gonzalez also contend that the district court erroneously found that the aunt and the son were vulnerable simply because of their ages. Arguably, a victim's elderly or youthful status, without more, is insufficient as a matter of law to justify a vulnerable victim enhancement. The district court must look not only at the victim's individual vulnerability, but also at the **totality of the circumstances**, including the status of the victim and the nature of the crime.

*Gonzalez*, 183 F.3d at 1326-72 (citation omitted)(emphasis added).

Defendant requests the Court to parse each of the aggravating facts and circumstances, consider them separately and determine that being pistol whipped, abducted, threatened with death and dumped on the roadside is a victim's typical experience in a carjacking, but he cites no cases in support of this position. (Def. Sent. Mem. at 8-9).  The government, however, requests the Court to consider the totality of the facts and circumstances in accordance with *Gonzalez*.

It is the totality of the circumstances of this case which involve the brutal carjacking of a 16-year-old victim, who is 5 feet 3 inches tall and weighs approximately 105 pounds, that

warrants the application of the vulnerable victim enhancement. Defendant is 6 feet, 1 inch tall and weighs 175 pounds. (PSR ¶ 85). It is undisputed that during the carjacking defendant learned that the victim was only 16-years-old (PSR ¶ 15; Def. Sent. Mem. at 9); therefore, he knew her age and he still continued to exploit her. *See United States v. Arguedas*, 86 F.3d 1054, 1058 (11th Cir. 1996)(*quoting United States v. Thomas*, 62 F.3d 1332, 1345 (11th Cir.1995) (concluding that "where the 'thrust of the wrongdoing' [is] continuing in nature, the defendants' attempt to exploit the victim's vulnerability will result in an enhancement even if that vulnerability did not exist at the time the defendant initially targeted the victim"); *United States v. Page*, 69 F.3d 482, 490 (11th Cir 1995)(finding that even if the telemarketer defendants did not initially know of their victims' vulnerabilities, they warrant § 3A1.1 enhancement because they learned of such vulnerabilities at some point during the loan fraud yet continued to perpetrate the fraud against victims whom they knew to be unusually vulnerable to the loan scheme).

It is also undisputed that defendant struck the victim in the head with a pistol even though "she followed [his] instructions . . ." (PSR ¶ 15; Def. Sent. Mem. at 12). He threatened to kill her; he abducted her; and he forced her to drive away from the parking lot outside of her father's job where she was waiting for her father. (PSR ¶ 15). Despite placing the victim in "grave peril"

and causing her "lasting emotional harm" (Def. Sent. Mem. at 8; PSR ¶ 25), defendant also took her cellular telephone before abandoning the victim after 8:30 p.m. at night. *Id.* Consequently, during this emergency, the victim, a frightened teenager, who was robbed by a stranger, had to depend upon the kindness of strangers driving by in order to contact help.

### B.   Kim's History Is Unfavorable

Although Kim had a strict upbringing and has a supportive family (PSR ¶¶ 79, 81), his criminal history is unfavorable because he has convictions for DUI (PSR ¶ 65), identity fraud (PSR ¶ 66), burglary (PSR ¶ 67) and criminal trespass (PSR ¶ 68). Defendant's prior convictions appear to be the result of his ten (10) year struggle with dependence on heroin and oxycotin which he began using when he was 22-years-old. (PSR ¶¶ 24, 80, 84, 87; Def. Sent. Mem. at 2-7). He is now 32-years-old. (PSR ¶ 78). The instant offenses of conviction also arose from defendant's addiction to heroin. (PSR ¶ 24).

### C.   The Need To Promote Respect For The Law

Kim's conduct in this case demonstrates a complete lack of respect for federal and state laws. First, Kim committed the instant offenses while on probation. (PSR ¶¶ 66, 67). Second, Kim violated his probation on two prior occasions. (PSR ¶¶ 66, 67). Third, Kim admitted that on August 17, 2012, he was supposed to turn himself in on a probation violation warrant, however, he

instead stole his sister and brother-in-law's car and firearms and committed the instant heroin-fueled crime spree.  (PSR ¶ 24).

**D.   The Need To Protect The Public And Deter Crime**

Kim has not been deterred from engaging in repeated criminal activity despite prior lenient sentences of probation for DUI (PSR ¶ 65), identity fraud (PSR ¶ 66) and burglary (PSR ¶ 67).  Both of his convictions for identity fraud and burglary were originally first offender adjudications which were revoked after repeated probation violations.   (PSR ¶¶ 66, 67).   Despite repeated convictions for theft related crimes, Kim's history of theft has escalated from the nonviolent offense of identity fraud, to the burglary of a garage to the instant violent offenses of armed robbery and carjacking.  (PSR ¶¶ 66, 67).

**E.   The Need To Provide Drug Treatment**

Defendant indicates that at the time he committed the offenses in question he was addicted to heroin and used two (2) grams per day.  (PSR ¶ 24).  He initially began using oxycontin to cope with the loss of his mother when he was 22 years old in 2003 and he has struggled with drug addiction for the past ten (10) years.  (PSR ¶¶ 78, 80, 83, 84 at p. 20; Def. Sent. Mem. at 2-7).  He has made repeated unsuccessful attempts to escape his addiction, which range from methadone, sub oxone, going cold turkey to drug rehabilitation facilities.  (PSR ¶ 84 at p. 20; PSR ¶¶ 89-90).  *See United States v. Chanelle*, 329 F. App'x 729, 735 (11th Cir. 2010)(rejecting the

defendant's argument that the district court improperly considered the 500-hour drug treatment program when it imposed the sentence because § 3553(a) includes as factors to consider the need for medical care or other correctional treatment).

### F.    Restitution

On behalf of the victims the government seeks recovery of the following amounts of restitution:

- $200 for Bejewel jewelry store

- $1,550 for Rite Aid

- $1,740 for the juvenile victim which includes: $200 to replace a phone, $75 to replace a garage door opener, $25 to replace a wallet, $40 to replace sunglasses, $75 for car rental, $150 for makeup, $575 for counseling and $500 for two doctors visits.

(PSR ¶¶ 14, 17, 25 and victim impact statement).  Consequently, the government seeks restitution of approximately $3,490.  However the government requests leave of the Court to supplement this figure with the cost of any additional counseling that the juvenile victim or her family pays subsequently to December 28, 2012 and prior to sentencing.

### G.    The Requested Sentence Is Reasonable

The parties agreed that a guideline sentence is a reasonable sentence.  (Doc 15-1-10-11).  *See United States v. Torres*, 2012 WL 4711604 (11th Cir. January 4, 2012)(upholding a 384-month sentence for brandishing a firearm during a robbery and brandishing a firearm during a carjacking while finding that, among other things, the sentence was reasonable because defendant acknowledged in his sentencing memoranda that a 32-year sentence was just and reasonable).

The maximum sentence for a Hobbs Act robbery, the highest count of conviction, is twenty years' (240 months) imprisonment, and it must be served consecutive to the sentence imposed for using a firearm during a crime of violence which is punishable by a minimum of seven years' (84 months) imprisonment and a maximum of life imprisonment.  *See United States v. Woodruff*, 296 F.3d 1041, 10510 (11th Cir. 2002)(holding that "every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under")(citation omitted).  The sentence recommended here -- 294 months if the vulnerable victim enhancement applies or 252 months if it does not – is reasonable because it is well below the statutory maximum of life imprisonment.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.2008), *cert. denied*, ––– U.S. ––––, 129 S.Ct. 2848, 174 L.Ed.2d 568 (2009)(holding that the

reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence).

## Conclusion

Therefore, the government respectfully requests the Court to impose a sentence of 294 months (210 months plus 84 months) – at the low end of the guideline range of 294 to 346 months, in order to account for the seriousness of the offenses, to promote respect for the law, to provide just punishment, to promote deterrence, to protect the public from the further crimes of Kim and to provide him with drug and mental health treatment in an appropriate correctional facility. *See* 18 U.S.C. § 3553(a). Alternatively, in the event that the Court concludes that the two-level vulnerable victim enhancement does not apply, the government respectfully requests the Court to impose a sentence of 252 months (168 months plus 84 months) – at the low end of the guideline range of 252 to 294 months.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/s/JOSEPH PLUMMER
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6055

Georgia Bar No. 003006
joe.plummer@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

W. Matthew Dodge

This 11th day of February, 2013.

/s/JOSEPH PLUMMER
ASSISTANT UNITED STATES ATTORNEY
joe.plummer@usdoj.gov