FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 11 2016

JAMES N. HATTEN, CLERK
By: J. Brannon  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent,<br><br>vs.<br><br>Edward Kim,<br><br>　　　　Movant/Petitioner. | No.: 64144-019<br>Crim. Case No.: 1:12-CR-00323-WSD-E<br><br>MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE, UNDER 28 U.S.C. § 2255 |

### MEMORANDUM

COMES NOW pro se Movant/Petitioner, and submits this Memorandum In Support Of His Motion To Vacate, Set Aside Or Correct A Sentence, Under 28 U.S.C. § 2255.

This Memorandum in support of the motion is based upon all the files and records of the above-captioned matter, as well as, the argument, points and authorities herein.

The Movant/Petitioner believes that he has no other readily available or adequate remedy at law.

MEMORANDUM IN SUPPORT - Page i

## I. STATEMENT OF FACTS

The movant plead guilty to one count of violating 18 U.S.C. § 1951 (Hobbs Act) by robbing the Bejewel Jewelry Store; and one count of violating 18 U.S.C. § 1951 by robbing the Rite Aid Pharmacy. The movant also plead to one count of violating 18 U.S.C. § 2119 (Motor Vehicle Theft - Carjacking); and one count of Using A Firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Movant received a total sentence of 259 months at the time of sentencing. At the time of sentencing, the Hobbs Act/Motor Vehicle Theft - Carjacking violations were used as the crimes of violence in support of the § 924(c) conviction and sentencing.

## II. The Hobbs Act Robbery And Motor Vehicle Theft Carjacking Are Not Crimes Of Violence And Therefore The Movant's Conviction Under § 924(c) Is Invalid

Title 18 U.S.C. § 1951(A)(Hobbs Act) states:
"Whoever in any way or degree obstructs or affects commerce or the movement of any article or commodity in commerce by robbery or extortion or attempts or conspires to do so or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years or both."

Title 18 U.S.C. § 2119 (Motor Vehicle Theft-Carjacking) states:
"Whoever with the intent to cause death or serious bodily harm, takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation or attempts to do so shall be fined under this title or imprisoned not more than 15 years."

Title 18 U.S.C. § 924(c)(3) defines "crime of violence" as an offense that is a felony and:

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used the course of committing the offense."

Title 18 U.S.C. § 924(c)(3) – In the context of § 924(c) clause (A) is referred to a the force clause. Clause (B) is referred to as the residual clause. The Hobbs Act and Motor Vehicle Theft – Carjacking must fall within the definition of either clause for there to be a valid conviction under § 924(c).

### A. The § 924(c) Force Clause

1. Robbery Under § 2119 Motor Vehicle Theft Carjacking Can Be Committed Without The Use Of Physical Force. Robbery Under § 1951 Can Be Committed Without The Use Of Violent Physical Force, And Does Not Fall Under The Force Clause

To qualify as a crime of violence under § 924(c)(3)(A) force clause, the offense must have an element of physical violent force. _Johnson v. United States_, 559 U.S. 133, 140 (2010). A Hobbs Act robbery and motor vehicle theft-carjacking does not satisfy the requirements under the force clause of § 924(c) because the robbery can be accomplished by putting someone in fear of future injury to his person or property, and does not require the use, attempted use, or threatened use of violent force.

    2. <u>Robbery Under § 1951(b) Also Motor Vehicle Theft-Carjacking Under § 2119(1) Can Be Committed Without The Attempted Use, Or Threatened Use Of Violent Force And Therefore Does Not Fall Under The Definition Of The Force Clause</u>

Section 1951 and Section 2119 states that the offense can be accomplished by placing another "in fear of injury" or "intimidation," which is fear. These methods of accomplishing the commission of crime under §§ 1951 and 2119 does not require the use of "violent force." The Fourth Circuit's decision in <u>United States v. Torres-Miguel</u>, 701 F.3d 165 (4th Cir. 2012) is directly on point. The Fourth Circuit unequivocally held that the threat of any physical injury, even "serious bodily injury or death" does not necessarily require the use of physical force - let alone violent force. <u>Id</u>.

The issue in <u>Torres-Miguel</u> was the defendant's prior conviction for the California offense of willfully threatening to commit a crime which "will result in death or great bodily injury to another." <u>Id</u>. at 168. The specific question was whether the statute had an element equating to a threat of "violent force" under the force clause. <u>Id</u>.

Despite the "death or great bodily injury" element in the California statute, the Fourth Circuit found that the offense was missing a "violent force" element, and thus could never qualify as a crime of violence under the force clause. <u>Id</u>. at

168-69.  The Court held that "[a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence." <u>Id</u>. at 168.  The Court stated that "of course, a crime may result in death or serious injury without involving use of physical force." <u>Id</u>.

The Court reasoned that there are many ways in which physical injury, even death, can result without use of violent force. <u>Id</u>. at 168-69.  "For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force." <u>Id</u>.

In reaching its decision, the Fourth Circuit also relied on the Second Circuit's decision in <u>Chrzanoski v. Ashcroft</u>, 327 F.3d 188, 194 (2d Cir. 2003).  At issue was whether a prior Conecticut conviction for assault qualified as a crime of violence under the force clause.  The Connecticut statute required the state to prove that the defendant had intentionally caused physical injury. <u>Chrzanoski</u>, 327 F.3d at 193.  The Second Circuit held that the statute did not constitute a crime of violence "because there is a difference between causation of an injury, which is all that Connecticut statute required, and

MEMORANDUM IN SUPPORT - Page 4

an injury's causation by the use of physical force." Torres-Miguel, 701 F.3d at 169 (citing Chrzanoski, 327 F.3d at 194).

The Second Circuit explained that an individual could be convicted of intentional assault for injury caused not by physical force, but by guile, deception, or even deliberate omission. Chrzanoski, 327 F.3d at 195. The Court elaborated that "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient" or someone who causes physical impairment by placing a tranquilizer in the victim's drink. Id. at 195-96.

The Fourth Circuit relied on the Tenth Circuit's decision in United States v. Perez-Vargas, 414 F.3d 1282, 1287 (10th Cir. 2005). In that case, the Tenth Circuit explained that although Colorado's assault statute required an act causing bodily injury by means of a dangerous weapon, imposing that injury does not necessarily include the use or threatened use of physical force as required by the Guidelines. As a result, the Colorado crime was not categorically a crime of violence under U.S.S.G. § 2L1.2. Torres-Miguel, 701 F.3d at 169 (citing Perez-Vargas, 414 F.3d at 1287). The Tenth Circuit noted that several examples esist of assault that would not use or threaten use of physical force such as "intentionally placing a barrier

in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." Perez-Vargas, 414 F.3d at 1286.

The Fourth Circuit's analysis and decision in Torres-Miguel applies to the elements of robbery under the Hobbs Act: putting another in fear of physical injury does not require violent force. If threats of serious bodily injury or death does not equal violent force, then certainly threats of "physical injury" does not. As noted, a defendant can place another in fear of injury by threatening to poison that person, to expose that person to hazardous chemicals, to place a barrier in front of the person's car, to lock the person up in the car on a hot day, and to lock that person at an abandoned site without food or shelter -- examples that the Fourth Circuit mentioned in Torres-Miguel.

Because the full range of conduct covered by the Hobbs act robbery statute, and the motor vehicle-carjacking statute does not require violent force, it does not qualify as a crime of violence under § 924(c)(3)(A)'s force clause.

### 3. Putting Another In Fear Of Injury Does Not Require An Intentional Threat Of Violent Force Under The Force Clause

The act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, and the motor vehicle theft-carjacking statute, does not constitute a crime of violence under the force clause because it does not require and intentional threat of physical force. In Garcia v. Gonzales,

MEMORANDUM IN SUPPORT - Page 6

455 F.3d 465, 468 (4th Cir. 2006), the Fourth Circuit held that an offense can only constitute a crime of violence under the force clause if it has an element that requires an "intentional" employment of physical force or threat of physical force. Id. The fear of injury element under the Hobbs Act robbery and motor vheicle theft-carjacking statutes do not require a defendant to intentionally place another in fear of injury. Therefore, it is missing the intentional mens rea necessary required by the Fourth Circuit in Garcia.

A Hobbs Act robbery and motor vehicle theft-carjacking can also be accomplished by placing someone in fear of injury to his property. Violent force against property under § 924(c)(3)(A) however, can be accomplished short of strong physical force. Threatening to throw paint on someone's house or car, or even to spill water on important documents can be accomplished without the requisite violent force that is a necessary element of the predicate offense for purpose of § 924(c).

Cases interpreting the "intimidation" element in the federal bank robbery statute are instructive because "intimidation" means placing someone in fear of bodily harm. This is the same element as in the Hobbs Act robbery statute. SEE United States v. Woodrop, 86 F.3d 359, 364 (4th Cir. 1996)("intimidation" under federal bank robbery statute means an ordinary person

reasonably could infer a threat of bodily harm from the defendant's acts); United States v. Yockel, 320 F.3d 818, 821 (8th Cir. 2003)(upholding bank robbery conviction even though there was no evidence that defendant intended to put teller in fear of injury: defendant did not make any sort of physical movement toward the teller and never presented her with a note demanding money, never displayed a weapon of any sort, never claimed to have a weapon, and by all accounts, did not appear to possess a weapon).

It is enough that the victim reasonably fears injury from the defendant's actions – whether or not the defendant actually intended to create that fear. Due to the lack of this intent, federal bank robbery criminalizes conduct that does not require an intentional threat of physical force. Bank robbery fails to qualify as a crime of violence under Garcia. Because the federal bank robbery "intimidation" element is defined the same as the Hobbs Act robbery "fear of injury" element, it also fails to qualify as a crime of violence under Garcia.

B. **The 924(c) Residual Clause**

 1. The Residual Clause Must Be Analyzed According To The Supreme Court's Decision In Johnson

The Supreme Court's holding in Johnson v. United States, 135 S.Ct. 2551 (2015), analyzing the Armed Career Criminal Act's

residual clause applies as well to the parallel crime of violence definition in § 924(c)(3)'s residual clause. The ACCA residual clause was unconstitutionally vague because the process by which courts categorize prior convictions as violent felonies is too "wide-ranging" and "indeterminate." Johnson, 135 S.Ct. at 2557. As a result, the ACCA "both denies fair notice to defendants and invites arbitrary enforcement by judges." Id.

The Court found that the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." Id. This process - of determining what is embodied in the "ordinary case" rather than "real-world facts," is fatally flawed. "Grave uncertainty" surrounds the method of determining the risk posed by the "judicially imagined 'ordinary case.'" Id. 135 S.Ct. 2557. "The residual clause offers no reliable way to choose between ....competing accounts of what 'ordinary'....involves." Id. at 2558.

Although earlier ACCA cases tried to rely on statistical analysis and "common sense," the Court concluded that these methods "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition." Id. at 2559.

This flaw alone established the residual clause's unconstitutional vagueness. The Court explained that a closely related flaw exacerbates the problem. The Supreme Court noted that the residual clause lacks a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute is enough to constitute a "serious potential risk of physical injury." Id. at 2558. Although the level of risk required under the residual clause must be similar to the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), Johnson rejected the notion that comparing a felony's "ordinary case" to the risk posed by certain enumerated offenses cures the constitutional problem. Id.

The enumerated offenses failed to save the ACCA residual clause because comparing felonies to enumerated offenses similarly requires resorting to "a judicially imagined abstraction." Id. Before courts may even start the comparison, they must first determine what the "ordinary" enumerated crime entails. But the "ordinary" enumerated crimes, like any other crime, "are far from clear in respect to the degree of risk each poses." Id. Any attempt to figure out the "ordinary" enumerated offense requires just as much guesswork as figuring out the "ordinary" predicate offense. The Court held that such indeterminacy, unpredictability, and arbitrariness inherent

in the "ordinary case" analysis is more than the "Due Process Clause tolerates." Id.

Thus, the Supreme Court in Johnson not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis. The "ordinary case" analysis is impossible to apply to a constitutional manner.

### 2. The Residual Clause In § 924(c)(3)(B) Is Essentially The Same As The ACCA Residual Clause

Courts regularly compare the residual clause of § 924(c) to other statutes. In United States v. Ayala, 601 F.3d 256, 267 (4th Cir. 2010), the Fourth Circuit relied on an ACCA case to interpret the definition of a crime of violence under § 924(c)(3)(B).

The phrase at issue in the ACCA residual clause is not identical to the phrase in § 924(c)(3)(B). The ACCA residual clause defines a violent felony as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The differences, however, have no impact on the constitutional analysis, which must be the same. Although the risk at issue in the ACCA is a risk of injury, and the risk at issue in the § 924(c) is a risk that force will be used, this difference is immaterial to the due process analysis under the Johnson decision.

The Court's holding in Johnson did not turn on the type of risk, but rather on how a court assesses and quantifies the risk. That inquiry is the same under both the ACCA and § 924(c). Both statutes require courts first to picture the "ordinary case" embodied by a felony, and then decide if it qualifies as a crime of violence by assessing the risk posed by the "ordinary case." Both require courts to discern what the ordinary case of a crime is by examining the elements using a categorical approach. United States v. Acosta, 470 F.3d 132, 134 (2d Cir. 2006); United States v. Butler, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); Evans v. Zych, 644 F.3d 447, 453 (6th Cir. 2011); United States v. Serafin, 562 F.3d 1104, 1108 (10th Cir. 2009); United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008); United States v. Amparo, 68 F.3d 1222, 1225 (9th Cir. 1995).

Courts may not consider the factual means of committing any given offense, but must consider the nature of the offense in the "ordinary case," regardless of whether the ACCA, § 924(c)(3)(B), or § 16(b) is at issue.

The Fourth Circuit has squarely held that the "ordinary case" analysis applies when construing 18 U.S.C. § 16(b). United States v. Avila, 770 F.3d 1100, 1107 (4th Cir. 2014). The Fourth Circuit stated:

> "[E]very set of conceivable facts covered by first-degree burglary does not have to present a serious risk of injury for it to qualify as a crime of violence. It is sufficient if 'the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another.' James, 550 U.S. at 208, 127 S.Ct. 1586. As long as an offense is of a type that, by its nature, presents a substantial risk that physical force against the person or property of another may be used, it satisfies the requirements of 18 U.S.C. § 16(b)."

Id. Avila applies because § 16(b) and § 924(c)(3)(B) are identical. In litigating Johnson, the Government, through the Solicitor General, agreed that the phrases at issue in Johnson and in both § 924(c)(3)(B) and § 16(b) are identical. The Solicitor General stated:

> "Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause. Like the ACCA, Section 16

> requires a court to identify the ordinary
> case of the commission of the offense and
> to make a commonsense judgment about the
> risk of confrontation and other violent
> encounters."

Johnson v. United States, S.Ct. No. 13-7120, Supplemental Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23). The Solicitor General has agreed that § 924(c)(3)(B) and the ACCA contain the same flaws.

Application of the Supreme Court's analysis and decision in Johnson to the residual clause of § 924(c)(3)(B) requires the same result. It is unconstitutional and must be struck. As a result, the Movant's convictions under § 924(c) and the Hobbs Act robbery, as well as, the motor vehicle theft-carjacking must be dismissed.

### III. CONCLUSION

For these reasons, the Movant respectfully requests that this Court find that his convictions under 18 U.S.C. § 924(c), § 1951 and § 2119 be vacated, and that he be resentenced.

RESPECTFULLY submitted this 6th day of March, 2016.

_____
Movant