IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD KIM, | : | MOTION TO VACATE |
| BOP ID 64144-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1173-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:12-CR-323-WSD-CMS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Edward Kim's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [31]. Because Kim is proceeding *pro se*, the undersigned has liberally construed his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In December 2012, Kim pleaded guilty to four counts of a six count Indictment, including a count charging him with use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). *See* [15-1]. In February 2013, Kim was sentenced to three 175-month terms of imprisonment on the non-924(c) counts to run concurrently and an 84-month term of imprisonment on the 924(c) count to run consecutively, "for a total of two-hundred fifty-nine (259) months." [27] at 2. Kim did not

appeal, and he did not file a § 2255 motion within one-year of the date that his convictions and sentence became final in May 2013.

In April 2015, Kim filed a § 2255 motion arguing that his "sentence is unlawful and illegal due to the recent Supreme Court decision in *Johnson v. United States*," 135 S. Ct. 2551 (2015).  [31] at 4.  Kim contends that his § 2255 motion is timely under § 2255(f)(3) because "it is based on a newly decided Supreme Court decision, made retroactive on collateral review." [31] at 10.

The United States Court of Appeals for the Eleventh Circuit has held that "*Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time."  *Mays v. United States*, No. 14-13477, 2016 U.S. App. LEXIS 5730, at *18 (11th Cir. Mar. 29, 2016); *see also In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (stating in dicta that "[i]f Rivero . . . were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively").  And Kim's § 2255 motion is his first request for collateral review of his sentence.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the Armed Career Criminal Act [(the "ACCA")] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.  The

specific provision of the ACCA addressed by the Supreme Court is codified at 18 U.S.C. § 924(e)(B)(ii). *See id.* at *passim.*

The difficulty for Kim, however, is that he was sentenced pursuant to 18 U.S.C. § 924(c), which *Johnson* did not directly address. Although Kim argues that § 924(e)(B)(ii) and § 924(c)(3)(B) are so similar that the Supreme Court's decision in *Johnson* invalidating § 924(e)(B)(ii) necessarily means that § 924(c)(3)(B) will be invalidated, *Johnson* did not establish the right asserted by Kim. The relevant language of the two provisions is not identical, and the one federal appellate court to date to have considered on the merits a vagueness challenge to the constitutionality of § 924(c)(3)(B) rejected that challenge "because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B)." *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Similarly, a district court surveying district court decisions recently concluded that "a clear majority of courts who have considered it have similarly concluded and held that *Johnson's* reasoning does not compel the invalidation of § 924(c)(3)(B)." *United States v. Dervishaj*, No. 13-CR-668, 2016 U.S. Dist. LEXIS 33342, at *23 (E.D.N.Y. Mar. 14, 2016) (collecting

3

cases). Moreover, the Supreme Court itself has not addressed the constitutionality of § 924(c)(3)(B). Thus, in the language of § 2255(f)(3), the "right asserted" by Kim has not yet been "newly recognized" by the Supreme Court.

It may be that in some future case a litigant will persuade the Supreme Court that § 924(c)(3)(B) should be declared unconstitutional, but until that case is actually decided by the Supreme Court and made retroactively applicable to cases on collateral review, Kim is not entitled to have his sentence vacated under § 2255. Moreover, because § 2255(f)(3) does not apply here, Kim's § 2255 motion is untimely because it was not filed with one year of the date that his convictions and sentence became final. *See* 28 U.S.C. § 2255(f)(1); *cf. Clay v. United States*, 537 U.S. 522, 524-25 (2003).

Accordingly, the undersigned **RECOMMENDS** that Kim's § 2255 motion be **DISMISSED** because it plainly appears that he is not entitled to relief. *See* 28 U.S.C. § 2255, Rule 4(b).

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Kim does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a

two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 11th day of May, 2016.

_/s/ Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE