IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

EDWARD K. KIM        )
                     )
    Petitioner       )
                     )
v.                   )    Case No. 1:12-CR-323 - WSD
                     )
                     )
UNITED STATES OF AMERICA )
                     )
    Respondent       )
_____)

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 27 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

MOTION FOR LEAVE TO FILE OUT OF TIME AND/OR LATE OBJECTIONS
TO THE HONORABLE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Edward K. Kim ("Petitioner"), hereby moves this Court to file out-of-time and/or late objections to the Magistrate Judge's Report and Recommendation with respect to Petitioner's 2255 Motion, and in so doing, would show unto this Court as follows:

## PROCEDURAL BACKGROUND

On April 18th, 2016, this Petitioner filed his Motion to vacate, set aside, or to correct his sentence under Title 28 U.S.C. 2255.

On May 18th, 2016, the Honorable Magistrate Judge, filed a Report and Recommendation with this Court recommending that the Petitioner's 2255 Motion be denied because the recent Supreme Court decision in Johnson v. U.S., 135 S.Ct. 2551 (2015) did not apply to the residual clause in Title 18 U.S.C. 924 (c). In fact, the Magistrate Judge found that the holding of Johnson only applied to the residual clause of Title 18 U.S.C. 924 (e), and that the Petitioner's reliance on Johnson was misplaced. But see, U.S. v. Bell, 2016 U.S. Dist LEXIS 11035 (N.D. Cal. 2016)(holding that the 924 (c) residual clause "cannot stand under Johnson"); U.S. v. Lattanaphom, 2016 U.S. Dist LEXIS 12368 (N.D. Cal. 2016)(granting Petitioner's Motion to dismiss the 924 (c) convictions after finding that the "924 (c) residual clause [is] unconstitutional")

On May 25, 2016, this Petitioner was transferred to the Federal Transfer Center in Oklahoma City, Oklahoma 73189-8801, and was deprived of his legal materials by the Staff in the Federal Bureau of Prisons and the U.S. Marshal's Service due to the safety concerns on the Aircraft and at the transfer facility.

On June 1, 2016, the U.S. Court of Appeals for the Eleventh Circuit granted authorization to a federal prisoner to file a second or successive 2255 Motion challenging a 924 (c) conviction that was based on a Hobbs Act "crime of violence" predicate in light of Johnson v. U.S., 135 S.Ct. 2551 (2015)(holding the residual clause of 924 (e) is unconstitutionally vague) See In Re Pinder, 2016 WL 3081954 (11th Cir. 2016)(granting Petitioner permission to file a second or successive 2255 Motion based on Johnson, and noting the 924 (c) residual clause contains the same language that was struck down by the Supreme Court); Cf. U.S. v. Parnell, 2016 U.S. App LEXIS 6629 (9th Cir. 2016)(refusing to apply Johnson's "violent physical force" to 924 (c) force clause, instead, applied the word "force" in its "original meaning")

On June 9th, 2016, this Petitioner was transferred to his designated facility which is located at U.S.P. Pollack, Pollack Louisiana.

## CONCLUSION

For the foregoing reasons, the Petitioner prays that this Honorable Court will grant his Motion for leave to file out-of-time

nd/or late objections to the Magistrate Judge's Report and Recommendation, and will grant him relief under Title 28 U.S.C. 255 on his Johnson claim in light of In Re Pinder, 2016 WL 3081954 (11th Cir. 2016)

Pursuant to Title 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted

*Edward K. Kim*

Edward K. Kim
Reg. #64144-019
U.S.P. Pollack
P.O. Box 2099
Pollack, Louisiana 71467