## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EDWARD K. KIM,

               Movant,

   v.

UNITED STATES OF AMERICA,

               Respondent.

                        **1:16-cv-1173-WSD**

                        **1:12-cr-323-WSD-CMS**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas'

Final Report and Recommendation [32] ("R&R"), recommending that Movant

Edward K. Kim's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody [31] ("Section 2255

Motion") be dismissed, and that a certificate of appealability be denied.[1]

In December 2012, Movant pled guilty to two counts of interference with

commerce by robbery, in violation of 18 U.S.C. § 1951, one count of motor vehicle

theft-carjacking, in violation of 18 U.S.C. § 2119, and one count of using a firearm

---

[1]    Citations to the record, in this Opinion and Order, refer to case number
1:12-cr-323-WSD-CMS.

during the commission of a crime of violence, in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii).  ([15]; [27] at 1).  In February 2013, Movant was sentenced to

259 months in prison.  ([27] at 2).  Movant did not file an appeal.  ([31] at 1-2).

Three years later, in March 2016, Movant, proceeding *pro se*, filed his

Section 2255 Motion, arguing that his sentence is unlawful in light of

Johnson v. United States, 135 S. Ct. 2551 (2015).  Movant was sentenced under

section 924(c), which requires a higher prison sentence for defendants who used a

firearm during a "crime of violence."  18 U.S.C. § 924(c)(1)(A).  Section 924(c)

defines the term "crime of violence" to include a felony that "by its nature,

involves a substantial risk that physical force against the person or property of

another may be used in the course of committing the offense."  18 U.S.C.

§ 924(c)(3)(B).[2]  Movant argues that this definition of "crime of violence" is

unconstitutional in light of Johnson, which held that the residual clause in

18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.  The residual clause

defined a "violent felony," for the purposes of a different sentence-enhancing

provision, 18 U.S.C. § 924(e)(1), to include felonies "involv[ing] conduct that

presents a serious potential risk of physical injury to another."  18 U.S.C.

---

[2]     Section 924(c) also defines a "crime of violence" as a felony that "has as an
element the use, attempted use, or threatened use of physical force against the
person or property of another."  18. U.S.C. § 924(c)(3)(A).

§ 924(e)(2)(B)(ii).  The rule announced in Johnson applies retroactively on

collateral review.  See Welch v. United States, 136 S.Ct. 1257, 1268 (2016).

Movant claims his motion is timely under 28 U.S.C. § 2255(f)(3) because "it is

based upon a newly decided Supreme Court decision, made retroactive on

collateral review."  ([31] at 10).[3]

On May 11, 2016, the Magistrate Judge issued her R&R, recommending that

Movant's Section 2255 Motion be dismissed because, although Johnson

invalidated the residual clause in section 924(e)(2)(B)(ii), it did not address the

constitutionality of section 924(c)(3)(B), under which Movant was sentenced.  The

Magistrate Judge also found that a certificate of appealability should be denied

because it is not debatable that Movant's Section 2255 Motion should be

dismissed.  Movant did not file objections to the R&R, and the Court thus reviews

it for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983),

cert. denied, 464 U.S. 1050 (1984).

The Court finds no plain error in the Magistrate Judge's conclusions because

---

[3]     Section 2255(f)(3) provides that the one-year limitations period for section
2255 motions may, in certain circumstances, run from "the date on which the right
asserted was initially recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made retroactively applicable to cases
on collateral review."  28 U.S.C. § 2255(f)(3).  The limitations period typically
runs from "the date on which the judgment of conviction becomes final."
28 U.S.C. § 2255(f)(1).

(1) neither the Supreme Court nor the Eleventh Circuit has held that Johnson

invalidates section 924(c)(3)(B), and (2) many courts have held that Johnson does

not invalidate that provision.  See In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016)

("Our Court hasn't decided if Johnson applies to § 924(c)(3)(B).");

United States v. Taylor, 814 F.3d 340 (6th Cir. 2016) (finding that § 924(c)(3)(B)

is not unconstitutionally vague under Johnson because the provision "is

considerably narrower than the statute invalidated by the Court in Johnson, and

because much of Johnson's analysis does not apply to § 924(c)(3)(B)"); United

States v. Dervishaj, --F. Supp. 3d--, 2016 WL 1019357, at *8 (E.D.N.Y. Mar. 14,

2016) ("[A] clear majority of courts who have considered it have similarly

concluded and held that Johnson's reasoning does not compel the invalidation of

§ 924(c)(3)(B)").

Even if Johnson did render section 924(c)(3)(B) unconstitutional, Movant

still would not be entitled to relief.  Movant's conviction of Hobbs Act robbery,

under section 1951, served as the predicate offense for his enhanced sentence

under section 924(c), and "the substantive offense of Hobbs Act robbery still

qualifies as a valid companion conviction notwithstanding Johnson."  In re Chance,

--F.3d--, 2016 WL 4123844, at *2 (11th Cir. Aug. 2, 2016); ([1] at 3-4; [29] at 1).

This is because Hobbs Act robbery satisfies the alternative definition of a "crime of

4

violence," in section 924(c)(3)(A), which <u>Johnson</u> clearly does not affect. <u>Id.</u>[4]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas'
Final Report and Recommendation [32] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Edward Kim's Motion Under
28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal
Custody [31] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is
**DENIED**.

**IT IS FURTHER ORDERED** that civil action number 1:16-cv-1173-WSD
is **DISMISSED.**


**SO ORDERED** this 29th day of September, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4]     Section 924(c)(3)(A) states that a "crime of violence" is a felony that "has as
an element the use, attempted use, or threatened use of physical force against the
person or property of another." 18. U.S.C. § 924(c)(3)(A).